UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:01-CR-21-03-RLY-MGN |
| | ) | |
| JOSHUA CONLEY | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Richard L. Young, U.S. District Court Judge, on March 16, 2010, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on March 3, 2010, and to submit to Judge Young proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g). An initial hearing was held on March 15, 2010, and disposition proceedings were held on March 30, 2010, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. Mr. Conley appeared in person and with retained counsel, David Mejia. The Government appeared by Barry Glickman, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On March 15, 2010, David Mejia, retained counsel, was present to represent Mr. Conley in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Conley and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Conley and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Conley was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Conley was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Conley was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Conley was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Conley had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing.

7. Mr. Conley, by counsel, requested a preliminary hearing and a preliminary hearing was set for March 22, 2010.

8. Following the Initial hearing, the Court was advised that the U.S. Probation Officer, Brian Bowers, a necessary party to the preliminary hearing, would be unavailable until after March 29, 2010. Therefore, good cause having been shown, the Court continued the preliminary hearing until March 30, 2010, at 2:30 p.m.

9. On March 30, 2010, Mr. Conley waived the preliminary examination, in writing, which was accepted by the Court.

10. The parties then advised the Court that they had reached an agreement which they wished to submit to the Court.

The parties stipulated the following in open Court:

    (a)    As to Violation Number 1 of the Petition for Violation of the Terms of Supervised Release, the defendant admitted in open Court that he had violated this condition. As to Violation Number 2, the defendant admitted in open Court that he had violated this condition with the caveat that his change in residence was a result of a Protective Order issued in a State court proceeding which restricted him from residing at that residence.

    (b)    The Government moved to dismiss Violation Numbers 3 and 4.

11. The Court then proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Numbers 1 and 2 of said Petition. The Court then placed Mr. Conley under oath and inquired of him whether he admitted to the specifications alleged in the Petition for Violation of the Terms of Supervised Release, and Mr. Conley admitted the violations contained in Violation Numbers 1 and 2 (as set out in the stipulation of the parties as noted above in paragraph 10(a). The Court specifically inquired of Mr. Conley whether he was making these admissions voluntarily and free from any duress, promises, or undue influence. The Court further advised Mr. Conley that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Conley answered in the affirmative. The Court finds the admissions

were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 and 2.  The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

    Beginning on February 10, 2010, the offender's mother-in-law, Sheila Rhodes, contacted this officer multiple times advising the offender was physically beating his wife, Christal Conley.

    On February 12, 2010, Christal Conley contacted the New Albany, Indiana, Police Department, where Officer Patrick Clarke filed charges of domestic battery.  The police report indicates the offender struck Christal in the face numerous times, pushed her down, and raped her.  The assault caused bruising to her neck and facial area, along with cuts and scrapes to her head.  She also reported the offender threatened to kill her and her family.  During the interview with Christal Conley, she received a text message from the offender stating, "You can't [expletive] with me watch when you're sitting in the dark."  The offender was charged with misdemeanor Domestic Battery in Floyd County Superior Court, under docket number 22D03-1002-CM-410.

    On February 13, 2010, Christal Conley contacted this officer, reiterating the abuse she reported to the police department.  She advised her reluctance in reporting the abuse was due to the offender relaying detailed death threats indicating, "He would kill [her] after he forced [her] to watch him kill [her] family slow."

    On February 14, 2010, Officer Clarke contacted this officer, advising he was dispatched to the residence twice on February 13, 2010, on reports the offender returned to the house occupied by Christal Conley; however, the offender left before he arrived.

    On February 22, 2010, the offender reported to the office and admitted he was involved in a physical altercation with his wife.  He stated, "She smacked [him] so [he] smacked her back."  When asked how many times he struck her, the offender advised he "just slapped her" and "pushed her to the floor to restrain her."  It is noted the offender recently returned to his wife's residence, and she now wants to dismiss the charges; however, according to the Floyd County Prosecutor's Office, the charges will be pursued regardless of the victim's reconsideration.

| | |
| --- | --- |
| 2 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

    After Christal Conley contacted the police, the offender left the residence.  It

was not until three days after leaving that he reported moving to 1456 South Street in New Albany, Indiana.  He also provided a new cellular phone number.  This officer specifically advised him to ensure he physically resides at the residence.  Despite the warning, the offender has never been observed at the new residence or taken phone calls there.  In fact, this officer observed his vehicle at his mother's residence and his former residence, now occupied by his wife.

On February 22, 2010, after initially maintaining he was residing at 1456 South Street, he reluctantly admitted he never "stayed the night" at this reported residence.  He later admitted residing with a friend and in a hotel.  It is noted the offender was unable to recall the specific address of his friend's residence, and he reported recently moving back to his wife's residence.

12. Based on the information available to the Court, the Court further finds the following:

1) Mr. Conley has a relevant criminal history category of I.  *See,* U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Conley constitutes a  Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A) upon revocation of supervised release, the range of imprisonment applicable to Mr. Conley is 3-9 months.

4) The appropriate disposition for Mr. Conley's violation of the condition of supervised release is as follows:

(a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of nine (9) months.

(b) Following the nine-month term of imprisonment, the defendant shall be  placed on supervised release for a period of forty-five (45) months.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 and 2 of the Petition, although the Court takes into consideration the circumstances regarding

Violation Number 2. Violation Numbers 3 and 4 are dismissed. The defendant's supervised release is hereby **REVOKED,** and Mr. Conley shall be committed to the Bureau of Prisons to serve a term of imprisonment of nine (9) months. Following the nine-month term of imprisonment, the defendant shall be placed on supervised release for a period of forty-five (45) months.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Conley's supervised release.

**IT IS SO RECOMMENDED** this 2nd day of April, 2010.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

Barry D. Glickman
barry.glickman@usdoj.gov

David S. Mejia
dmejia@600westmain.com

U.S. Marshal

U.S. Probation Office