UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSHUA CONLEY ) <br> ) <br> Defendant. ) | Cause No.  4:01-CR-21-03-RLY-MGN |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Richard L. Young, U.S. District Court Judge, on September 27, 2012, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on September 13, 2012, and to submit to Judge Young proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g).  An initial hearing was held on September 28, 2012, and disposition proceedings were held on October 4, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583.  Mr. Conley appeared in person and with CJA counsel, David Mejia.  The Government appeared by Lauren Wheatley, Assistant United States Attorney.  U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On September 28, 2012, David Mejia, CJA counsel, was present to represent Mr. Conley in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr.

Conley and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Conley and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

      3. Mr. Conley was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

      4. Mr. Conley was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

      5. Mr. Conley was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

      6. Mr. Conley was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Conley had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing.

      7. Mr. Conley, by counsel, requested a preliminary hearing, and the Government having orally moved for detention, a preliminary and detention hearing was set for October 4, 2012.

      8. On October 4, 2012, Mr. Conley appeared in person and with CJA counsel David Mejia. The parties advised the Court that they wished to conduct the Preliminary and Revocation hearings simultaneously.

      9. The Court then proceeded to the hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Numbers 1 through 8 of said Petition and took this matter under advisement.

      10. On this date, after considering the evidence presented, the Court NOW FINDS that probable cause exists and also finds that there is a basis in fact for revocation with regard to Violation Numbers 1 through 8. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."* |
| 2 | *"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."* |
| 3 | *"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."* |
| 4 | *"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."* |

As previously reported to the Court in April 2012, this officer learned the offender was arrested by the New Albany, Indiana, Police Department on January 23, 2012, for displaying an altered license plate on a newly purchased vehicle. The offender never reported the arrest to the probation officer. Further, the vehicle description and address he provided the arresting officer were previously undisclosed either orally or in written supervision reports.

On April 11, 2012, the offender was confronted, and after initially denying all wrongdoing, admitted being arrested and purchasing a new vehicle, but had no explanation for failing to report this information. He admitted signing a lease in December 2011 for a rental home located at 515 Ohio Avenue in Jeffersonville, Indiana, despite reporting a false New Albany address to the probation officer. Since December 2011, the offender submitted false supervision reports, despite the fact these reports solicit him for specific information as to residences, vehicles, and new arrests.

| | |
|---|---|
| 5 | *"The defendant shall not commit another federal, state, or local crime."* |
| 6 | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 7 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |
| 8 | *"The defendant shall reside for a period of up to six months at a Residential Reentry Center (RRC) as directed by the probation officer, and shall abide by the rules of that facility."* |

>> During his one-month residency at the residential reentry center, the offender amassed seven disciplinary reports for violations such as unauthorized absences, tardiness, and unknown whereabouts.
>
> On September 4, 2012, staff observed the offender attempting to hide a bag of "spice" in his shoe. Approximately 25 minutes later, he escaped from the facility with his belongings. His current whereabouts is unknown, as he has not contacted this officer, and at the time he absconded, he did not have a release address on file.

11. Based on the information available to the Court, the Court further finds the following:

   1) Mr. Conley has a relevant criminal history category of I. *See,* U.S.S.G. §7B1.4(a).

   2) The most serious grade of violation committed by Mr. Conley constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

   3) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Conley is 4-10 months. Pursuant to U.S.S.G. § 7B1.3(d), the unserved term of community confinement shall be served in addition to the sanction imposed upon revocation or may be converted to an equivalent period of imprisonment, in this case, five (5) months.

   4) The court is mindful of the fact that the Defendant has moderate to severe drug problems, but the Court also notes that the Defendant will see no recovery progress if he refuses to participate in drug counseling programs. The Defendant's unexcused tardiness and clear failure to abide by even the simplest of rules, would not entitle the defendant to lenience solely because he has a "drug problem." Therefore, the appropriate disposition for Mr. Conley's violation of the condition of supervised release is as follows:

   (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months with an additional term of five (5) months added pursuant to U.S.S.G. 7B1.3(d), consisting of the previous unserved term of community confinement. There will be no term of supervised release to follow the fifteen-month term of imprisonment.

The Court **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 through 8 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Mr. Conley shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months with an additional term of

five (5) months added (consisting of the previous unserved term of community confinement.). There will be no term of supervised release to follow the fifteen-month term of imprisonment.

  **WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Conley's supervised release.

  **IT IS SO RECOMMENDED** this 12th day of October, 2012.

            _____
             Michael G. Naville, Magistrate Judge
             United States District Court

Distribution:

Lauren M. Wheatley
UNITED STATES ATTORNEY'S OFFICE
lauren.wheatley@usdoj.gov

David S. Mejia
david@dmejialaw.com

U.S. Marshal

U.S. Probation Office